**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(609) 989-2182

CHAMBERS OF
FREDA L. WOLFSON
UNITED STATES DISTRICT JUDGE

Clarkson S. Fisher Federal Building &
U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

**LETTER OPINION**

March 7, 2016

Michael I. Inzelbuch, Esq.
Sovereign Bank Building
555 Madison Avenue
Lakewood, NJ 08701

Robin S. Ballard, Esq.
Schenck, Price, Smith & King, LLP
220 Park Avenue
P.O. Box 991
Florham Park, NJ 07932

RE:   **Hopewell Valley Reg'l. Bd. of Ed. v. J.R. and C.H. o/b/o S.R
Civil Action No.: 3:15-cv-8477-FLW-LHG**

Dear Litigants:

This matter comes before the Court on a motion, pursuant to Federal Rule of Civil Procedure 12(b)(1), filed by Defendants J.R. and C.H. o/b/o S.R. (collectively "Defendants") to dismiss Plaintiff Hopewell Valley Regional Board of Education's ("District" or "Plaintiff") Verified Complaint Seeking Interlocutory Appeal based on lack of subject-matter jurisdiction. For the following reasons, Defendants' motion is granted and this matter is dismissed without prejudice.

The following are facts drawn from the Complaint and attached exhibits, except where noted. S.R. was born on December 11, 2000. Compl. ¶ 1. On March 1, 2006, S.R. was registered to start kindergarten in the District, but was withdrawn by her parents as of June 2006. *Id.* at ¶ 4. Instead, in the fall of 2006, S.R. began attending the Lewis School of Princeton ("Lewis School"). *Id.* at ¶¶ 4-5.

In the summer of 2013, S.R.'s parents completed paperwork to enroll her in the District again, and S.R. attended a back-to-school night at the Timberlane Middle School. *Id.* at ¶ 6. On September 4, 2013, the District's Child Study Team ("CST") received a request from S.R.'s parents to be evaluate S.R.. *Id.* at ¶ 8.

When the 2013-14 school year began, S.R. did not attend classes at Timberlane Middle School, but continued to attend the Lewis School instead. *Id.* at ¶¶ 9-10. On September 8, 2013,

S.R.'s parents emailed the District to inform that S.R. would continue to attend the Lewis School and to request funding and transportation. *Id.* at ¶ 11. The District's CST scheduled a meeting with S.R.'s parents for September 16, 2013 to determine whether S.R. would be evaluated. *Id.* at ¶ 9. On September 23, 2013, S.R. was removed from the District's rolls. *Id.* at ¶12.

On or about January 7, 2014, Defendants filed a due process petition. *Id.* at ¶ 19, Ex. A. On January 7, 2014, the District filed a notice challenging the sufficiency of the due process petition. *Id.* at ¶ 21, Ex. B. On January 27, 2014, ALJ Lisa James-Beavers concluded that Defendants' due process petition contained all of the information required by law and, accordingly, denied the District's sufficiency challenge and ordered that the matter be returned to the Office of Special Education so that the parties could proceed with a resolution session or mediation. *Id.* at ¶ 22, Ex. C.

On January 28, 2014, the District filed an Answer to the due process petition, *Id.* at ¶ 23, Ex. D, and the parties attended a settlement conference on May 23, 2014, before ALJ James-Beavers. *Id.* at ¶¶ 24-25. On July 10, 2014, the District filed its first motion for summary decision, arguing that because S.R. attended the Lewis School, it was that District's responsibility to conduct S.R.'s initial evaluation. *Id.* at ¶ 26, Ex. E. Defendants cross-moved for partial summary decision, seeking an order that the District evaluate and make an eligibility determination of S.R., reimburse Defendants for various costs, and sought an independent evaluation of S.R.. *Id.* at ¶ 27, Ex. F. On September 24, 2014, ALJ Ronald W. Reba denied the District's motion for summary decision, based on his conclusion that S.R. was registered in the District and had requested an evaluation, ordered the District to evaluate S.R. and make an eligibility determination, and reserved on Defendants' cross-motion for reimbursement and an independent evaluation following the conclusion of the District's evaluation. *Id.* at ¶ 33, Ex. H.

Following ALJ Reba's decision, the District's CST conducted an evaluation of S.R. *Id.* at ¶ 34. On March 20, 2015, the CST found S.R. eligible for special education and related services, and the District offered S.R. an Individualized Education Program ("IEP") for the remainder of the 2014-15 school year. *Id.* at ¶ 35.

On June 26, 2015, the District filed a second motion for summary decision, alleging the presence of new facts not known when the first motion for summary decision was filed. *Id.* at ¶¶ 39-40, Ex I. On September 24, 2015, ALJ John S. Kennedy denied the second motion for summary decision based on the existence of several factual disputes. *Id.* at ¶ 43, Ex. L.

On December 4, 2015, the District filed suit in this Court, seeking interlocutory review of the three ALJ decisions outlined above. On December 17, 2015, Defendants filed the instant motion to dismiss based on lack of subject-matter jurisdiction. The parties have represented to the Court that the due process hearing before ALJ Kennedy is scheduled to proceed in this matter in April 2016.

Federal Rule of Civil Procedure 12(b)(1) mandates the dismissal of a case for "lack of subject-matter jurisdiction." Once a Rule 12(b)(1) challenge is raised, the plaintiff bears the burden of demonstrating the existence of subject matter jurisdiction. *See McCann v. Newman*

*Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006). A Rule 12(b)(1) motion to dismiss is treated as either a "facial or factual challenge to the court's subject matter jurisdiction."[1] *Gould Electronics, Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Under a facial attack, the movant challenges the legal sufficiency of the claim, and the court considers only "the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." *Id.* However, "[i]n reviewing a factual attack, the court may consider evidence outside the pleadings." *Id.* (citing *Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1997)).

Defendants' motion relies on the reasons outlined in this Court's opinion issued in *H.T. v. Hopewell Valley Regional Board of Education*, No. 14-1308, 2015 U.S. Dist. LEXIS 108641 (D.N.J. Aug. 18, 2015), to assert a facial challenge to the Court's subject-matter jurisdiction.[2] The District counters that this Court has subject-matter jurisdiction because the District is "a party aggrieved by the findings and decisions made in connection with a due process hearing," under the IDEA. Pl. Opp. Br. at 2 (citing 20 U.S.C. § 1415(i)(2)(A)).

Federal courts are courts of limited jurisdiction: "they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). As this Court discussed in more detail in *H.T.*, while the IDEA provides the right to file a civil action challenging an administrative decision, the IDEA limits such appeals to specific circumstances. *See* 2015 U.S. Dist. LEXIS 108641 at *14-18. Specifically, the IDEA provides for the filing of civil actions in federal courts in the following circumstances:

> Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

20 U.S.C. § 1415(i)(2)(A). "The plain language of the statute, therefore, permits an appeal to the federal courts only where a party is 'aggrieved by the findings and decision' made under

---

[1] Here, Defendants make both a facial attack, arguing that this Court lacks subject-matter jurisdiction because the IDEA does not provide jurisdiction to file a complaint in federal court challenging the underlying decisions, *see* 20 U.S.C. § 1415(i)(2)(A), and two factual challenges, based on mootness and the failure to exhaust administrative remedies, *see J.Q. v. Wash. Twp. Sch. Dist.*, 92 F. Supp. 3d 241, 245 (D.N.J. 2015); *A.D. v. Haddon Heights Bd. of Ed.*, 90 F. Supp. 3d 326, 334 (D.N.J. 2015). Because this Court finds in favor of Defendants based on their facial challenge to subject-matter jurisdiction, it will not address Defendants' factual challenges.

[2] The Court notes that Defendants raise this argument in a single paragraph, which does nothing more than cite to this Court's previous decision in *H.T.*, and further only asserts this argument as a basis for dismissal of Count I of the Complaint, concerning only ALJ James-Beavers' decision, rather than the entire Complaint.

subsections (f), (k), or (g)."  *H.T.*, 2015 U.S. Dist. LEXIS 108641, at *16.

No impartial hearing has occurred in this matter yet, 20 U.S.C. § 1415(f), and, obviously, no appeal from such an impartial hearing has occurred yet either, *id.* at § 1415(g).  Nor does this matter concern the placement of S.R. in an alternate educational setting.  *Id.* at § 1415(k).  Instead, all of the underlying decisions at issue in this matter concern the sufficiency of S.R.'s due process petition, which are decided under Section 1415(c).  Accordingly, this Court lacks subject-matter jurisdiction over the Complaint.  *See id.* at § 1415(i)(2)(A).

Nevertheless, the District argues that even though this Court has previously found in *H.T.* that the IDEA does not provide subject-matter jurisdiction to federal courts over sufficiency determinations, the Court should nevertheless reach the merits of its appeal, as the Court did in *H.T.*, rather than dismiss solely on jurisdictional grounds.  *See H.T.*, 2015 U.S. Dist. LEXIS 108641 at *18.  While it is true that, "out of an abundance of caution, and to prevent any undue delay to the parties," *id.*, this Court did address the plaintiff's sufficiency arguments in *H.T.*, this matter is procedurally different for two reasons.

First, the decision at issue in *H.T.* was an ALJ's dismissal of a due process petition based on insufficiency.  *Id.* at *13; *see also M.S.-G v. Lenape Reg'l High Sch. Dist. Bd. of Ed.*, 306 Fed. Appx. 772, 774 (3d Cir. 2009); *D.F. v. Collingswood Pub. Schs*, No. 10-594, 2013 U.S. Dist. LEXIS 2624, *9 (D.N.J. Jan. 8, 2013).  Here, all of the ALJ decisions at issue have merely denied the District's challenges to the due process petition – not the dismissal of the due process petition itself – finding each time that the petition should proceed to an impartial hearing.  Second, the parties in *H.T.* did not raise the issue of the Court's subject-matter jurisdiction; instead, the parties briefed their substantive arguments concerning the merits of the decision at issue in that case and the Court raised the issue of subject-matter jurisdiction *sua sponte*.  Here, Defendants' motion to dismiss *only* raises challenges to this Court's subject-matter jurisdiction, and the District's opposition brief, understandably, only responds to those arguments.  More importantly, without jurisdiction, this Court cannot address the merits of this case.  *See In re Orthopedic "Bone Screw" Products Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997).

For the foregoing reasons, Defendants' motion to dismiss based on lack of subject-matter jurisdiction is granted, and the Complaint is dismissed without prejudice.  A separate Order will follow.

> Sincerely yours,
>
> /s/ Freda L. Wolfson
> FREDA L. WOLFSON
>
> United States District Judge