UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2182

CHAMBERS OF
FREDA L. WOLFSON
UNITED STATES DISTRICT JUDGE

Clarkson S. Fisher Federal Building &
U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

**LETTER OPINION**

May 3, 2016

Michael I. Inzelbuch, Esq.
Sovereign Bank Building
555 Madison Avenue
Lakewood, NJ 08701

Robin S. Ballard, Esq.
Schenck, Price, Smith & King, LLP
220 Park Avenue
P.O. Box 991
Florham Park, NJ 07932

**RE:   Hopewell Valley Reg'l. Bd. of Ed. v. J.R. and C.H. o/b/o S.R
        Civil Action No.: 3:15-cv-8477-FLW-LHG**

Dear Litigants:

      This matter comes before the Court on a motion filed by Plaintiff Hopewell Valley Regional Board of Education ("District") pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1, seeking reconsideration of this Court's March 7, 2016 decision and order granting Defendants J.R. and C.H. o/b/o S.R.'s (collectively "Defendants") motion to dismiss the Complaint with prejudice based on a lack of subject-matter jurisdiction.[1] For the following reasons, the District's motion for reconsideration is denied.

      Because I write primarily for the parties, who are familiar with this matter, the Court incorporates the factual background and procedural history recounted in my previous Letter Opinion issued on March 7, 2016. Dkt. No. 13. In brief, this matter concerns the due process petition of a student, S.R. S.R. was registered to start school in kindergarten in the District, but was withdrawn by her parents in June 2006 and, in the fall, S.R. began attending the Lewis School of Princeton. In the summer of 2013, S.R.'s parents completed paperwork to enroll S.R. in the District, and in September 2013, the District received a request for its Child Study Team ("CST") to evaluate S.R. However, when the 2013-14 school year began, S.R. continued to attend the

---

[1] The Court notes that, prior to filing the instant motion for reconsideration on April 14, 2016, the District filed a letter on March 14, 2016, which set forth the same arguments now asserted in this motion and requested the Court to "clarify the ruling with respect to Counts 2, 3 and 4 of the Verified Complaint." Dkt. No. 15.

Lewis School, and on September 23, 2013, S.R. was removed from the District's rolls.

In January 2014, Defendants filed a due process petition. After unsuccessfully challenging the sufficiency of the due process petition, the District filed an Answer on January 28, 2013, and filed its first motion for summary decision on July 10, 2014, in which the District argued that because S.R. attended the Lewis School, it was that district's responsibility to conduct S.R.'s initial evaluation. Defendants cross-moved for partial summary decision, seeking an order that the District evaluate and make an eligibility determination of S.R., reimburse Defendants for various costs, and seeking an independent evaluation of S.R.. On September 24, 2014, ALJ Ronald W. Reba denied the District's motion for summary decision, based on his conclusion that S.R. was registered in the District and had requested an evaluation, ordered the District to evaluate S.R. and make an eligibility determination, and reserved on Defendants' cross-motion for reimbursement and an independent evaluation following the conclusion of the District's evaluation. Following ALJ Reba's decision, the District's CST conducted an evaluation of S.R. and found S.R. eligible for special education and related services, and the District offered S.R. an Individualized Education Program ("IEP") for the remainder of the 2014-15 school year.

On June 26, 2015, the District filed a second motion for summary decision, alleging the presence of new facts not known when the first motion for summary decision was filed. On September 24, 2015, ALJ John S. Kennedy denied the second motion for summary decision based on the existence of several factual disputes.

On December 4, 2015, the District filed suit in this Court, seeking interlocutory review of the three ALJ decisions outlined above. On December 17, 2015, Defendants filed a motion to dismiss based on lack of subject-matter jurisdiction. On March 7, 2016, this Court granted Defendants' motion and dismissed this matter. On April 14, 2016, the District filed the instant motion for reconsideration.

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1. Pursuant to Local Civil Rule 7.1(i), a party moving for reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked[.]" L. Civ. R. 7.1(i). Motions for reconsideration are considered "extremely limited procedural vehicles." *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992). Indeed, a timely motion for reconsideration may only be granted upon a finding of at least one of the following grounds: "(1) 'an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.'" *Carmichael v. Everson*, No. 03-4787, 2004 U.S. Dist. LEXIS 11742, at *2-3 (D.N.J.) (quoting *Database Am., Inc. v. Bellsouth Advertising & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993)), *aff'd*, 119 F. Appx. 427 (3d Cir. 2004); *see also N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *G-69 v. Degnan*, 748 F. Supp.

274, 275 (D.N.J. 1990) (quoting *Carteret Savings Bank, F.A. v. Shushan*, 721 F. Supp. 705, 709 (D.N.J. 1989)).  In other words, "a motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).  Rather, a difference of opinion with the court's decision should be dealt with through the appellate process.  *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1998).  Finally, the Court will only grant such a motion if the matters overlooked might reasonably have resulted in a different conclusion.  *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

The District's motion clearly does not meet the standard required for reconsideration under Rule 59(e).  The District's motion is nothing more than a repetition of the arguments this Court already rejected in deciding Defendants' motion to dismiss, along with citations – which were already provided to the Court when the motion was first decided – of unpublished, non-binding decisions which the District asserts show that courts "regularly review" similar ALJ determinations.[2]

The District primarily takes issue with a statement in my earlier decision, in which I concluded that this Court lacked subject-matter jurisdiction over the District's claims because they did not seek review of a decision in which The District was aggrieved by the findings and decision of an ALJ made under subsections (f), (k), or (g), and then stated that "all of the underlying decisions at issue in this matter concern the sufficiency of S.R.'s due process petition, which are decided under Section 1415(c)."  The District asserts that Counts 2, 3, and 4 of the underlying decisions were not all concerned with the sufficiency of S.R.'s due process petition, but instead were challenges to the granting and denial of summary decision by the Administrative Law Judge, which "go beyond the procedural adequacy of the due process petition and clearly involve substantive decisions made under 20 U.S.C. § 1415(f) in the underlying due process hearing."

The District's motion for reconsideration is based on a selective misreading of this Court's previous opinion.  Indeed, the District chooses to ignore the analysis of this Court in the sentences directly proceeding my statement that the underlying decisions "concern the sufficiency of S.R.'s due process petition," and instead cherry-picks the admittedly imprecise and perhaps inaccurate language I used to summarize my analysis.

To be clear, the IDEA provides for the filing of civil actions in federal courts in the following circumstances:

> Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party

---

[2] Tellingly, none of the decisions the District cites involved a challenge to subject-matter jurisdiction under the IDEA.  *See W.D. v. Watchung Hills Reg'l High Sch. Bd. of Ed.*, No. 13-3423, 2014 U.S. Dist. LEXIS 25402 (D.N.J. Feb. 24, 2014), *aff'd*, 602 F. Appx. 563 (3d Cir. 2015); *K.S. & M.S. v. Summit Bd. of Ed.*, No. 12-7202, 2014 U.S. Dist. LEXIS 102672 (D.N.J. July 25, 2014); *J.T. v. Newark Bd. of Ed.*, No. 12-3566, 2013 U.S. Dist. LEXIS 49350 (D.N.J. Apr. 5, 2013); *T.H. ex rel. A.H. v. Clinton Twp. Bd. of Ed.*, No. 05-37092, 2006 U.S. Dist. LEXIS 27432 (D.N.J. Apr. 25, 2006).

>aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

20 U.S.C. § 1415(i)(2)(A).  As I have explained in this case – and in an earlier case which involved the same attorneys as in this matter – "[t]he plain language of the statute . . . permits an appeal to the federal courts only where a party is 'aggrieved by the findings and decision' made under subsections (f), (k), or (g)."  *H.T. v. Hopewell Valley Reg'l Bd. of Ed.*, No. 14-1308, 2015 U.S. Dist. LEXIS 108641, *16 (D.N.J. Aug. 18, 2015).  As I also explained in this case, the decisions the District complains of in Counts 2, 3, and 4 of the Complaint are not "findings and decision[s]" made under subsections (f), (k), or (g) of the IDEA.

The IDEA guarantees "procedural safeguards with respect to the provision of a free appropriate public education" to "children with disabilities and their parents."  20 U.S.C. § 1415(a).  Parents of a disabled child who claim violations of the IDEA "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child," *id.* § 1415(b)(6), can "file a complaint with a due process hearing officer."  *S.H. v. Lower Merion Sch. Dist.*, 729 F.3d 248, 257 (3d Cir. 2013) (citing 20 U.S.C. § 1415(b)(6)).  Subsection (f), in turn, provides that "wherever a complaint has been received under subsection (b)(6) or (k) of this section, the parents involved in such complaint shall have an opportunity for an impartial due process hearing."  *20 U.S.C. § 1415(f)(1)*.  Following the due process hearing, the IDEA permits an aggrieved party to bring a civil action in any court.  *Id.* § 1415(i)(2)(A).

The District cannot prevail by characterizing the challenged pre-hearing decisions as "findings and decision made under subsection (f)," because "subsection (f) concerns due process hearings, and the only decision contemplated by the plain meaning of that subsection is *the decision following the due process hearing*."  *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1087 (9th Cir. 2012) (citing 20 U.S.C. § 1415(f), (f)(3)(E)) (emphasis added) (footnote omitted).  ALJ Reba's decision to deny the District's request for summary decision on Defendants' request for reimbursement (Count 3) and ALJ Kennedy's decision to deny the District's request for a summary decision (Count 4) merely allowed this matter to proceed to the impartial hearing.  *See* Compl. Ex.'s H, L.  Similarly, ALJ Reba's grant of partial summary decision to Defendants, requiring the District to evaluate S.R. and render an eligibility determination (Count 2), does not entitle the District to file suit in federal court at this juncture.  *See id.* at Ex. H.  With respect to subsection (f) of Section 1415, federal courts are only provided with subject matter jurisdiction over civil actions concerning (1) the findings and decision issued by an ALJ after a due process hearing, or (2) a decision of an ALJ which "completely dismisses" the matter on motion.  *See M.M.*, 681 F.3d at 1087, 1090 n.12.  Neither of these conditions for suit are met here.

In short, no impartial hearing had occurred in this matter as of the date of my previous opinion, 20 U.S.C. § 1415(f), no appeal from such an impartial hearing has occurred yet, *id.* at § 1415(g), and this matter does not concern the placement of S.R. in an alternate educational setting,

*id.* at § 1415(k).   Accordingly, this Court lacked subject-matter jurisdiction over this matter.   *Id.* at § 1415(i)(2)(A).

  For the foregoing reasons, the District's motion for reconsideration is denied.   A separate Order will follow.

                Sincerely yours,

                /s/ Freda L. Wolfson
                FREDA L. WOLFSON

                United States District Judge